NO. 07-07-0157-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 31, 2007

_____

CARL ALLEN CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4063; HONORABLE STEVEN EMMERT, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Carl Allen Carter, was convicted by a jury of possession of a controlled substance with intent to deliver and sentenced to twenty-five years confinement and a $25,000 fine. Appellant filed his notice of appeal on April 20, 2007. Although the date of judgment contained in the clerk's record reflects March 26,

2007, a review of that judgment also reflects that sentence was imposed on March 31, 2003.

In a criminal case, the date sentence is imposed is essential in determining the time in which to perfect an appeal. Tex. R. App. P. 26.2(a). When no motion for new trial is filed, the notice of appeal must be filed within thirty days after the day sentence is imposed in open court. Tex. R. App. P. 26.2(a)(1). Because the record as it appears before us reflects that the notice of appeal was filed more than thirty days after the day sentence was imposed, we now abate the appeal and remand the cause to the trial court. The trial court shall utilize whatever means necessary to insure the preparation of a corrected judgment to resolve this apparent conflict between the date of judgment and the date sentence was imposed. The trial court clerk is directed to forward the corrected judgment in a supplemental clerk's record to be filed with the Clerk of this Court on or before Friday, June 15, 2007.

It is so ordered.

Per Curiam